**Anna BJORNHOLM, Appellant,**

**v.**

**Donna E. SHALALA, Secretary of Health and Human Services, Appellee.**

**No. 94–1557.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1994.

Decided Nov. 7, 1994.

John August Bowman, Davenport, IA, argued (Michael DePree, on brief), for appellant.

John Beamer, Asst. U.S. Atty., Des Moines, IA, argued (Gary L. Hayward, on brief), for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HEANEY, Senior Circuit Judge.

Anna Bjornholm claims she became totally disabled on March 28, 1987. Disability benefits were administratively denied. On review an administrative law judge (ALJ) found that Bjornholm was unable to perform her past relevant work, but that certain jobs existed in significant numbers in the national economy that she could perform. These jobs were cashier at a self-service gas station; cashier at a self-service parking lot; and cashier/ticket seller, amusement. The decision of the ALJ was approved by the Secretary. Bjornholm then sought review in the United States District Court for the Southern District of Iowa. That court summarily affirmed, and this appeal follows.

It is undisputed that Bjornholm, age 52 on the date she claims she was disabled, is appropriately classified as closely approaching advanced age. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1. It is also undisputed that she has only an eleventh grade education, and thus is properly classified as having a limited or less education. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.09. Given her age, education, and the fact that her past work experience was either un-

skilled or semi-skilled, the regulations require that she be found to be disabled unless (1) she had skills that were transferrable from her prior work to the three categories of jobs that the ALJ found that she could perform, 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(g); and (2) there are significant numbers of jobs that she can perform either in the local or in several regions of the national economy, 42 U.S.C. § 423(d)(2)(A).

Bjornholm's past relevant work was as a waitress in a restaurant. She served food and drinks to customers. She was required to lift twenty to twenty-five pounds frequently and fifty pounds occasionally. She was required to be on her feet much of the day. This work is classified by the Department of Labor as semi-skilled work requiring light physical exertion. U.S. Department of Labor, *Dictionary of Occupational Titles* ("*DOT*"), § 311.477.030 (1991). It is conceded that Bjornholm can no longer do this work because of the lifting, walking, and standing requirements of the job. It is additionally conceded that she is capable of performing sedentary work. *See DOT*, App. C, Part IV(c).

At the administrative proceeding, a vocational expert testified that Bjornholm had acquired certain transferrable skills in her position as a waitress that included the ability to handle money, to deal with the public, and to record routine information. He testified that these skills could be transferred to the position of cashier in a self-service gas station where the employee is simply taking money for gas, *DOT*, § 915.477–010, and that of cashier at a self-service parking lot, *DOT*, § 211.462–010. The vocational expert testified that there were 500 jobs in these two categories in Iowa and 25,000 jobs in these two categories in the nation. He also testified that the same skills could be transferred to the position of a ticket seller at a movie theater or at different types of amusement facilities, *DOT*, § 211.467–030. Within this category, the vocational expert testified that there were 750 jobs in Iowa in this category and 40,000 jobs nationally.

The initial question is whether the skills that Bjornholm acquired as a waitress are transferrable to the jobs listed above. Transferrable skills are defined in 20 C.F.R. § 404.1568(d) as follows:

> We consider you to have skills that can be used in other jobs when the ... semi-skilled work activities you did in the past work can be used to meet the requirements of ... semi-skilled work activities of other jobs or kinds of work.

We believe there is substantial evidence in the record as a whole to support the ALJ's finding that the skills developed by Bjornholm in her job as a waitress are indeed transferrable. However, given the fact that she can now only do sedentary work, there remains a serious question as to whether there is, in fact, a significant number of jobs either in the local or in several regions of the national economy that Bjornholm can perform. *See* 42 U.S.C. § 423(d)(2)(A). The ALJ found that there exists a significant number of available jobs in these areas in three categories: cashier in a self-service gas station, cashier in a self-service parking lot, and cashier/ticket seller in a movie theater or other amusement facility. The difficulty with this finding lies in the scope of the statistics relied upon by the ALJ. All three of the *DOT* job classifications for which the vocational expert provided employment statistics are positions requiring light, rather than sedentary, physical exertion. While there may also be sedentary positions included within each of the *DOT* categories, each category on its face calls for activities which Bjornholm cannot physically perform. By relying on the *DOT* classifications for the scope of his statistical findings, the ALJ has dramatically overstated the numbers of jobs that are, in fact, available to a person of Bjornholm's skills and physical condition.

To make the matter clearer, the position of cashier in a self-service gas station is classified by *DOT* as light work, and the description of the position includes duties that require the person filling the position to "[c]heck[ ] the level of oil in crankcase and amount of water in radiator, and add[ ] oil and water as requested by customer." *DOT*, § 915.477–010. Bjornholm is not able to perform such duties. As set forth in the *DOT*, the other two classifications require light physical exertion as well.

We note that the burden of proof lies with the Secretary, who must show that appropriate "work ... exists in significant

numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). The important point is that the Secretary cannot rely on statistics that indicate there are a significant number of jobs in these categories for persons who can perform all of the duties of these jobs, when the claimant can only perform some of them. We hold that the statistics must match the claimant: the Secretary must show that there are available sedentary jobs for which Bjornholm has transferrable skills. The Secretary cannot conclude that appropriate sedentary jobs exist based upon statistics for light-exertion classifications.

In light of these circumstances, we have no alternative but to remand to the district court with directions to remand to the Secretary. The Secretary may elect either to award benefits, or to remand for a further proceeding to determine whether there exists, in fact, a significant number of jobs in the local or in several regions of the national economy within any of these three *DOT* categories that can be performed by an individual with the skills and physical capability of Bjornholm.