**Margarita GUERRERO, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. C 97–3117–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

Sept. 29, 1999.

Ruth M. Carter, Sioux City, IA, for Margarita Guerrero, plaintiff.

Heather J. Schlozman, Assistant Regional Counsel, for Kenneth S. Apfel, Commissioner of Social Security, defendant.

## MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

BENNETT, District Judge.

### I. INTRODUCTION

In this action, plaintiff Margarita Guerrero seeks judicial review of a decision of an administrative law judge (ALJ) denying her application for Social Security benefits under Title II (disability insurance (DI)) and Title XVI (supplemental security income (SSI)) of the Social Security Act. Guerrero seeks such benefits from August of 1990, when she suffered a back injury while picking beets as a migrant worker on a farm in Montana. She alleges that she has been disabled since that date by back problems and, more particularly, by pain arising from her back injuries. However, Guerrero was denied DI and SSI benefits at each stage of the Social Security administrative process.[1]

Dissatisfied with the results of the administrative process, Guerrero filed this action for judicial review on December 1, 1997. This case was referred to Magistrate Judge Zoss on November 17, 1998, for the filing of a Report and Recommendation. Judge Zoss filed such a Report and Recommendation on August 26, 1999. In that Report and Recommendation, Judge Zoss recommended that judgment be entered in favor of the defendant Commissioner on Guerrero's action for judicial review. *Id.* at 27–28.

Guerrero filed objections to Judge Zoss's Report and Recommendation on September 7, 1999, asserting that Judge Zoss's Report and Recommendation should be rejected, and that the administrative decision should be reversed, on various grounds. This matter is now before the court for review of Judge Zoss's Report and Recommendation in light of Guerrero's objections.

### II. LEGAL ANALYSIS

The court's legal analysis begins with consideration of the standards of review applicable to a report and recommendation of a magistrate judge and an ALJ's denial of Social Security benefits. With those standards in mind, the court will then address Guerrero's specific objections to

---

1. A more detailed discussion of the procedural history of Guerrero's application for Social Security benefits is not required here, because Magistrate Judge Zoss recounted that history in some detail in his Report and Recommendation, filed August 26, 1999, *see* Report and Recommendation, August 26, 1999, at 3–4. Because no party has made any objection to that portion of the Report and Recommendation, the court finds it unnecessary to reprise that history.

Judge Zoss's Report and Recommendation.

### A. Standards Of Review

#### 1. Review of a report and recommendation

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose,* 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied,* 519 U.S. 860, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996); *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir.1996) (citing *Belk v. Purkett,* 15 F.3d 803, 815 (8th Cir.1994)); *Hudson v. Gammon,* 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk* ). Because objections have been filed in this case, the court must conduct a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court has done so by reviewing the record before Judge Zoss in light of Guerrero's objections to Judge Zoss's Report and Recommendation.

#### 2. Review of an administrative denial of benefits

The Eighth Circuit Court of Appeals recently explained the standard for judicial review of an ALJ's denial of Social Security benefits as follows:

We must uphold the ALJ's decision if it is supported by substantial evidence.

*See Metz v. Shalala,* 49 F.3d 374, 376 (8th Cir.1995). Our task is not to reweigh the evidence, and we may not reverse the Commissioner's decision merely because substantial evidence would have supported an opposite conclusion or merely because we would have decided the case differently. *See Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993); *Smith v. Shalala,* 987 F.2d 1371, 1374 (8th Cir.1993). In determining whether substantial evidence supports the ALJ's decision, we must consider evidence in the record that supports the ALJ's decision as well as evidence that detracts from it. *See Brockman v. Sullivan,* 987 F.2d 1344, 1346 (8th Cir.1993).

*Harwood v. Apfel,* 186 F.3d 1039, 1040 (8th Cir.1999); *Weiler v. Apfel,* 179 F.3d 1107, 1109 (8th Cir.1999) ("We cannot reverse the ALJ's decision merely because the record contains substantial evidence supporting a contrary outcome."). " 'Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the [ALJ's] conclusion.' " *Weiler,* 179 F.3d at 1109 (citing *Pierce v. Apfel,* 173 F.3d 704, 706 (8th Cir.1999)). However, the reviewing court "must determine whether the ALJ's findings are supported by substantial evidence on the record as a whole." *Id.* (again citing *Pierce,* 173 F.3d at 706).

The Eighth Circuit Court of Appeals has also explained how a court is to determine whether the ALJ's findings "are supported by substantial evidence on the record as a whole":

In *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987), the Court discussed the difference between "substantial evidence" and "substantial evidence on the record as a whole." "Substantial evidence on the record as a whole" wrote then Chief Judge Lay, "requires a more scrutinizing analysis" than the "substantial evidence" test. The Court went on to say:

In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. National Labor Relations Bd.*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). Thus, the court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory. *See Steadman v. Securities and Exchange Commission*, 450 U.S. 91, 99, 101 S.Ct. 999, 1006, 67 L.Ed.2d 69 (1981). It follows that the only way a reviewing court can determine if the entire record was taken into consideration is for the district court to evaluate in detail the evidence it used in making its decision and how any contradictory evidence balances out.

*Gavin v. Heckler*, 811. F.2d at 1199. In short, a reviewing court should neither consider a claim de novo, nor abdicate its function to carefully analyze the entire record. *Brinker v. Weinberger*, 522 F.2d 13, 16 (8th Cir.1975).

*Wilcutts v. Apfel*, 143 F.3d 1134, 1136–37 (8th Cir.1998). Thus, this court must undertake a "scrutinizing analysis" of the evidence in the record as a whole.

### B. Guerrero's Objections

In his Report and Recommendation, Judge Zoss considered the record evidence in light of each of the *Polaski* factors [2] for evaluating a claimant's subjective pain complaints, and found that as a whole, there was substantial evidence for the ALJ's decision to discredit Guerrero's subjective pain complaints. *See* Report and Recommendation, August 26, 1999, at 15–19. Judge Zoss next rejected Guerrero's assertion that the transcript was inadequate owing to indications that parts of questions or responses were inaudible to

the reporter. After reviewing the tape recording of the hearing before the ALJ, Judge Zoss concluded that the omissions in the transcript were slight. *Id.* at 19–20. Next, Judge Zoss found insufficient basis for Guerrero's contention that the ALJ was biased to reverse the ALJ's decision. *Id.* at 20–21. Judge Zoss then declined to find that Guerrero was presumptively disabled, because her treatment lacked continuity and the medical record contained inconsistencies. *Id.* at 21–22. Judge Zoss also found that the ALJ had not erred in determining Guerrero's residual functional analysis. *Id.* at 22–26. Finally, Judge Zoss found that this court has no power to review the Appeals Council's rejection of Guerrero's appeal. *Id.* at 26–27.

As mentioned above, Guerrero makes several objections to Judge Zoss's Report and Recommendation. First, Guerrero contends that she was clearly and undisputedly under a disability for a period of at least twelve months between August of 1990 and December of 1992, but there is no indication in the record that a disability under the twelve-month requirement was ever considered. Second, she contends that Dr. Meadows, one of her treating physicians, found that she could not return to her past relevant work, and therefore she is disabled under Rule 201.09. Third, Guerrero argues that both the ALJ and Judge Zoss erred in concluding that she lacked credibility, because of her asserted failure to obtain medical treatment. Fourth, Guerrero contends that findings by the ALJ and Judge Zoss that her physicians did not impose significant restrictions on her activity are in error. Finally, she contends that Judge Zoss repeated the error made by the ALJ in discounting her credibility on the basis of her reports of seizures, when seizures were never a part of her assertion of disability, and any submissions concerning seizures that she

---

**2.** These factors are set out in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.), *supplemented*, 751 F.2d 943, 948 (8th .Cir.1984), *vacated on other grounds*, 476·U.S. 1167, 106

S.Ct. 2885, 90 L.Ed.2d 974 (1986), *adhered to on remand*, 804 F.2d 456 (8th Cir.1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987).

made to the record in support of her application for Social Security benefits was merely for the sake of completeness. The court will now consider these objections in turn.

### 1. Twelve months of disability

 Guerrero argues first that she was clearly and undisputedly under a disability for a period of at least twelve months between August of 1990 and December of 1992, but there is no indication in the record that a disability under the twelve-month requirement was ever considered by either the ALJ or Judge Zoss. Guerrero contends that, contrary to Judge Zoss's findings, she did aggressively seek treatment in 1991 and 1992, including physical therapy, even though she did not pursue surgery when it was recommended, because she got scared. She also contends that Dr. Meadows's report in 1992 is somewhat contradictory, because it states that she has reached maximum medical improvement with conservative care, but then recommends a work-hardening program and a back school.[3] She nonetheless relies on Dr. Meadows's finding that she would be unable to return to previous work, and his notes reflecting her report of severe back pain making her unable to move in December of 1992, as demonstrating that she was disabled for a period of at least twelve months.

If a claimant suffers from a severe impairment that is of the degree set forth in a Listing, and such impairment meets the twelve-month durational requirement of 42 U.S.C. § 1382c(a)(3)(A) (SSI requirements) or 42 U.S.C. § 423(d)(1)(A) (DI requirements), then the claimant "'is conclusively presumed to be disabled and entitled to benefits.'" *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir.1994) (quoting *Bowen v. City of New York*, 476 U.S. 467,

471, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986)). The first question, however, is whether the impairment is of sufficient severity. *See id.* (affirming the ALJ's conclusion that the claimant's "impairments are not of such degree," and thus never reaching the twelve-month requirement). The Eighth Circuit Court of Appeals has adopted the view of the Tenth Circuit Court of Appeals that the "duration of impairment" requirement· is that the impairment be *disabling* for a continuous twelve-month period; *impairment* for a continuous twelve-month period is not enough. *See Titus v. Sullivan*, 4 F.3d 590, 594–95 (8th Cir.1993) (citing *Alexander v. Richardson*, 451 F.2d 1185, 1186 (10th Cir.1971)); *see also Nettles v. Sullivan*, 956 F.2d 820, 823 (8th Cir.1992) (a disability benefits claimant who missed work three or four days a month as a result of a painful back condition did not show inability to engage in substantial gainful activity for a period longer than twelve months as required to show disability under 42 U.S.C. § 423(d)(1)(A)).

The ALJ, however, discussed all of the medical evidence, and concluded that Guerrero, although impaired, does not suffer from an impairment or combination of impairments sufficient to meet or equal the requirements for any listed impairment. *See* ALJ's Decision at 20, ¶ 3. More specifically, the ALJ found that Guerrero "has had" the residual functional capacity to perform gainful employment, *id.* at 19, and that "[t]he credible and properly weighted evidence in the record as a whole supports a finding of no disability through her date last insured or through the date of this decision." *Id.* at 20. Thus, the ALJ found that, at no time during the period for which Guerrero sought benefits had her impairment been sufficiently disabling. Implicit in a finding of no disabl-

---

**3.** The court does not find that Dr. Meadows's assertion that Guerrero had reached maximum "medical" improvement to be necessarily contrary to his conclusion that Guerrero could benefit from a work-hardening program and a back school. Neither of the latter sug-

gestions can necessarily be deemed to go to "medical" improvement. Furthermore, Dr. Meadows clarified his conclusion to be that "[s]he will have reached maximum medical improvement upon completion of the work hardening program." Record at 178.

ing impairment at any time is a finding that no disabling impairment existed for the required twelve months. *See Titus*, 4 F.3d at 594–95 (the impairment must be *disabling* for a twelve month period). Having made such findings, the ALJ was not required to consider separately whether Guerrero had been disabled for any specific twelve-month period.

Furthermore, the court finds that the ALJ's determination that Guerrero did not suffer from a disabling impairment at any time is supported by substantial evidence in the record. *See Harwood*, 186 F.3d at 1040 (the court "must uphold the ALJ's decision if it is supported by substantial evidence"); *Weiler*, 179 F.3d at 1109 (same). Guerrero has, at best, pointed to spotty periods when her impairment may have reached disabling proportions, as it may have done in December of 1992, when she suffered from severe back pain making her unable to move; even under this court's "scrutinizing analysis" of the ALJ's decision and the record evidence, this court cannot find that there is sufficient evidence of a continuous twelve-month period of disabling impairment to detract from the ALJ's determinations. *See Harwood*, 186 F.3d at 1040 (in deciding whether the ALJ's conclusions are supported by "substantial evidence," the court "must consider evidence in the record that supports the ALJ's decision as well as evidence that detracts from it"); *accord Wilcutts*, 143 F.3d at 1136–37 (same). Thus, Guerrero's first objection fails.

### 2. *Rule 201.09 disability*

█ Next, Guerrero contends that, in 1992, Dr. Meadows found that she could not return to her "past relevant work," and therefore she is disabled under Rule 201.09 of the "Grids." Rule 201.09, that is, 20 C.F.R. Pt. 404, Subpt.P, App. 2, Rule 201.09, provides that a person who is 50 years of age or older, who has limited education, whose past work experience was either unskilled or semi-skilled, and who is unable to perform her past relevant work, must be found to be disabled, unless (1) she had skills that were transferrable from her prior work to categories of jobs identified by the ALJ as jobs the claimant could perform, and (2) there are a significant number of such jobs in either the local or several regions of the national economy. *See Bjornholm v. Shalala*, 39 F.3d 888, 889–90 (8th Cir.1994).

Guerrero's Rule 201.09 objection fails on various grounds. First, Guerrero's contention that Dr. Meadows found that she "could not return to her past relevant work" is not a correct statement of the record. What Dr. Meadows in fact found, in an Estimated Functional Capacity Evaluation on November 19, 1992, was that Guerrero could not "now return to [her] former job." Record at 177. That is, Dr. Meadows found that Guerrero could not return to her former job as a migrant farm worker. Dr. Meadows indicated, however, that Guerrero could "return to other work according to restrictions defined above." *Id.* Thus, Dr. Meadows did not preclude Guerrero's "return to her past relevant work." Instead, he recognized that she could not return to her former job as a farm worker, while finding other employment possible. Guerrero's attempt to recast Dr. Meadows's findings to match the requirements for a finding of disability under Rule 201.09 is unpersuasive.

Guerrero contends that the restrictions Dr. Meadows imposed are not consistent with even "light" work under the pertinent regulations, and thus, Guerrero falls within Grid Rule 201.09. The record, however, substantially supports, and does not significantly detract, from the ALJ's (and Judge Zoss's) conclusion that Guerrero's restrictions do not preclude her from a significant number of jobs in either the local or several regions of the national economy. *See Bjornholm*, 39 F.3d at 889–90 (identifying this further requirement for Rule 201.09 disability). Guerrero's restrictions, as defined by Dr. Meadows, simply are not inconsistent with the definition of "light" work under 20 C.F.R. § 404.1567, as

Guerrero contends. Thus, Guerrero's second objection also fails.

### 3. Failure to obtain treatment

██ Guerrero next argues that both the ALJ and Judge Zoss erred in concluding that she lacked credibility, because of her asserted failure to obtain medical treatment. She argues that she pursued physical therapy, as reflected in a doctor's notes on November 16, 1992, and that she received inconsistent recommendations concerning surgery, so that her failure to pursue that treatment cannot be held against her credibility on subjective pain complaints. Finally, she asserts that it is unfair to presume that she suffered no side effects from medication, when there are some indications of a doctor's restrictions on driving due to side effects of Flexeril. *See* Record at 18.

The court agrees that there is evidence in the record suggesting that Guerrero pursued some, perhaps even most, of the treatment options presented to her by her physicians. However, the record also demonstrates that Guerrero did reject surgery, after first consenting to it and actually presenting at the hospital for the surgery, in 1991, owing to her fears that surgery would not alleviate, and might worsen, her condition. Although the court might have weighed this evidence differently, the court does not find that the evidence upon which Guerrero relies, or any other evidence in the record, so detracts from the ALJ's conclusions concerning credibility based on Guerrero's treatment record that Guerrero has here presented a ground for reversing the ALJ. *See Harwood,* 186 F.3d at 1040 ("Our task is not to reweigh the evidence, and we may not reverse the Commissioner's decision merely because substantial evidence would have supported an opposite conclusion or merely because we would have decided the case differently.... In determining whether substantial evidence supports the ALJ's decision, we must consider evidence in the record that supports the ALJ's decision as well as evidence that detracts from it."). Consequently, Guerrero's third objection also does not require a different result.

### 4. Significant restrictions

██ As her fourth objection, Guerrero contends that findings by the ALJ and Judge Zoss that her physicians did not impose significant restrictions on her activity are in error. This objection is again based in part on Guerrero's misconception that Dr. Meadows found she could not perform her past relevant work, and to that extent, the discussion above suffices to reject the objection. Furthermore, the specific restrictions to which Guerrero points do not amount to disabling impairment, even if they are "significant." The ALJ (and Judge Zoss) adequately considered evidence that Guerrero's restrictions left her with sufficient residual functional capacity to preclude a finding that she is disabled within the meaning of the Social Security Act, and the court finds, after a "scrutinizing analysis," that the ALJ's determination is supported by substantial evidence. *See Harwood,* 186 F.3d at 1040 (the court "must uphold the ALJ's decision if it is supported by substantial evidence"); *Weiler,* 179 F.3d at 1109 (same). Thus, Guerrero's fourth objection also fails.

### 5. Discounting credibility based on seizure reports

██ Finally, Guerrero contends that Judge Zoss repeated the error made by the ALJ in discounting her credibility on the basis of her reports of seizures, when seizures were never a part of her assertion of disability, and any submissions concerning seizures that she made to the record in support of her application for Social Security benefits was merely for the sake of completeness. Guerrero contends that it was unfair and prejudicial for the ALJ to castigate her credibility based on insertion of a report of a seizure, when the ALJ never questioned Guerrero about that report and Guerrero never claimed that

there was any medical evidence in the record to support the existence of a seizure disorder, past or present.

The court finds that the ALJ's comments concerning Guerrero's credibility based on the seizure report are about as caustic as the court has yet encountered in an ALJ's decision in a Social Security case. *See* ALJ's Decision at 3 (Record at 14). Also, there is no escaping the fact that the ALJ indicated that her judgment about the seizure issue colored the ALJ's further credibility findings. *See id.* ("Margarita Guerrero is not a credible individual."). The court is less certain that Guerrero was not attempting to assert reconsideration of her disability determination in part based on the seizure report, for the court can find little other reason for Guerrero's inclusion of the seizure report with her "Reconsideration Disability Report." *See* Record at 128–136 (showing that Guerrero responded to the question of whether there was any other disability Guerrero felt the SSA should know about, question 4, by stating that "I also have epilepsy," and that she included a seizure report as Attachment #1). Ultimately, however, the court cannot find that Guerrero was prejudiced by the ALJ's reliance on the seizure report as a ground for discounting Guerrero's credibility, when the court must conclude from its "scrutinizing analysis" of the ALJ's Decision and record evidence that the ALJ otherwise had substantial evidence to discount Guerrero's credibility. *See Harwood,* 186 F.3d at 1040 (the court "must uphold the ALJ's decision if it is supported by substantial evidence"); *Weiler,* 179 F.3d at 1109 (same). Thus, this final objection also fails.

### III. CONCLUSION

Upon *de novo* review of the portions of Judge Zoss's August 26, 1999, Report and Recommendation, to which objections have been made, and upon a "scrutinizing analysis" of the pertinent findings and conclusions of the ALJ, the court agrees with Judge Zoss's conclusion that the ALJ's decision is supported by substantial evidence. Therefore, Guerrero's September 7, 1999, objections to Judge Zoss's Report and Recommendation are **overruled,** the Report and Recommendation is **accepted,** the decision of the ALJ denying Guerrero benefits is **affirmed,** and **judgment** in this action for judicial review shall be entered in favor of the defendant.

**IT IS SO ORDERED.**