**Walter JOHNSON, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

No. 98–4284.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 3, 1999.

Decided Aug. 30, 1999.

As Amended Sept. 30, 1999.

Eric Schnaufer (argued), Chicago, IL, for Plaintiff–Appellant.

Judith A. Stewart, Office of the United States Attorney, Indianapolis, IN, Grace M. Kim (argued), Social Security Administration, Office of the General Counsel, Region V, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

POSNER, Chief Judge.

Mr. Johnson sought review in the district court, pursuant to 42 U.S.C. § 405(g), of the denial by the Social Security Administration of his claim for disability benefits. The district court upheld the denial on the merits, and Johnson has appealed to us. But the Administration asks us not to consider the merits of the appeal, on the ground that Johnson failed to advise the Administration's Appeals Council of the issue that he wants us to decide (he did present it to the district court). Johnson's last full-time job was as a carpenter, and the administrative law judge found that despite the alleged disability Johnson could still do a carpenter's work. Johnson challenges this finding on the ground that the administrative law judge had purported to accept medical reports from two physicians who found that Johnson has only limited use of his right arm (and he is right-handed), and did not explain how one can do carpentry with such a limitation. But in his letter asking the Appeals Council to review the administrative law judge's decision, Johnson's then lawyer did not make this argument. Apart from unrelated and now-abandoned procedural points, the letter recites evidence indicating that Johnson has arthritis and other ailments, and "loss of range of motion." There is no reference to the right arm, and the letter ends with the mysterious statement: "These are the 'objective medical findings' which the ALJ found shows only minimal findings."

If this letter were a brief in this court, there would be no doubt that Johnson had waived his right to raise the right-arm issue; for we require that an issue to be preserved must be developed and not merely mentioned (here barely alluded to). E.g., *JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 780–81 (7th Cir. 1999); *Huntzinger v. Hastings Mutual Ins. Co.*, 143 F.3d 302, 308 n. 7 (7th Cir. 1998); *Colburn v. Trustees of Indiana University*, 973 F.2d 581, 593 (7th Cir. 1992); *Turner v. Chicago Housing Authority*, 969 F.2d 461, 463 (7th Cir.1992); *Burdett v. Miller*, 957 F.2d 1375, 1382 (7th Cir.1992). Likewise if Johnson had made so murky a presentation to the administrative law judge. E.g., *Brewer v. Chater*, 103 F.3d 1384, 1393 (7th Cir.1997). And a number of cases, including some in this court, hold or assume that the same is true of an appeal from an administrative law judge to the Appeals Council. *Banuelos v. Apfel*, 165 F.3d 1166, 1170 (7th Cir.1999) (alternative holding); *Brewer v. Chater, supra*, 103 F.3d at 1393; *Griffith v. Callahan*, 138 F.3d 1150, 1154 (7th Cir.1998)

(alternative holding); *Limberopoulos v. Shalala*, 17 F.3d 975, 979 (7th Cir.1994); *Pope v. Shalala*, 998 F.2d 473, 480 n. 6 (7th Cir.1993); *Papendick v. Sullivan*, 969 F.2d 298, 302 (7th Cir.1992); *James v. Chater*, 96 F.3d 1341, 1343–44 (10th Cir.1996); *Paul v. Shalala*, 29 F.3d 208, 210–11 (5th Cir.1994); see Jon C. Dubin, "Torquemada Meets Kafka: The Misapplication of the Issue Exhaustion Doctrine to Inquisitorial Administrative Proceedings," 97 *Colum.L.Rev.* 1289, 1310–16 (1997). But these decisions—as the Eighth Circuit has also concluded, in a decision rendered after the oral argument in this case, *Harwood v. Apfel*, 186 F.3d 1039 (8th Cir.1999)—cannot be squared with the regulations governing appeals to the Appeals Council. Our cases do not mention the regulations, which may not even have been cited to us. *Papendick*, the first in our line, relies entirely on a decision that involved the doctrine of exhaustion of remedies in an unrelated area of administrative regulation, *Weyerhaeuser Co. v. Marshall*, 592 F.2d 373, 376 (7th Cir.1979), while in the present case the agency doesn't even argue that there was a failure to exhaust.

The regulations permit but do not require the filing of a brief with the Appeals Council. 20 C.F.R. § 404.975. All that is required is completion of a one-page form (Form HA–520) that provides only a space of three lines (roughly two inches in total) for the statement of the issues and grounds for appeal. 20 C.F.R. § 422.205(a). (Johnson's lawyer appended his one-page letter to the form rather than attempting to squeeze his argument into the tiny space.) The Appeals Council's review is, moreover, plenary unless the Council states otherwise. § 404.976(a). Basically all that seems contemplated or required is that the disappointed claimant ask the Appeals Council to take a look at what the administrative law judge has done and reverse if it finds an error. The Appeals Council operates more like a complaint bureau than an appellate court; the Social Security Administration estimates that it should take only 10 minutes to fill out the form. 58 Fed.Reg. 28596 (May 14, 1993). We do not know what the Appeals Council does in cases in which the appellant leaves the space in his Form HA–520 completely blank, and therefore need not decide whether *that* would be a case of waiver.

The only reference in the regulations to anything that looks like waiver is a warning that if the applicant fails to "take the next step [in the review process] within the stated time period, you will lose your right to further administrative review and your right to judicial review" (unless you show cause for the failure). 20 C.F.R. § 404.900(b). Johnson took the required next step after being turned down by the administrative law judge by filing his Form HA–520 on time with the Appeals Council. The Social Security Administration knows how to draft a waiver rule. If courts take it upon themselves to adopt waiver rules for the agency that compel disappointed applicants for disability benefits to bombard the Appeals Council with full briefs in order to preserve their right to judicial review, we shall be disserving the agency. The government's lawyers argue that Johnson has waived his right to present the "right arm" issue to us because of his failure to present it perspicuously to the Appeals Council, yet they are explicit that he did *not* fail to exhaust his administrative remedies. We take this to mean, consistent with the discussion in the preceding paragraph, that requiring the claimant to brief his issues before the Appeals Council is not important to the agency's mission. (Because we are overruling the decisions of this court, cited earlier, that impose this requirement, we have circulated our opinion to the full court, as required by 7th Cir. R. 40(e). No judge in regular active service asked that the case be heard en banc.)

It may be arguable that the letter by Johnson's lawyer was positively misleading—was calculated to deflect the Appeals

Council from taking a close look at the right-arm issue, since that issue wasn't discussed but others were (sort of). But the Administration's lawyers do not argue this, and that *is* a waiver, since by failing to argue it they deprived Johnson of an opportunity to meet the argument.

So we come to the merits. When a claimant argues that there are fatal gaps or contradictions in the administrative law judge's opinion, thus appealing to the important principle of administrative law that the agency provide a rational articulation of the grounds of its decision, *SEC v. Chenery Corp.*, 318 U.S. 80, 94–95, 63 S.Ct. 454, 87 L.Ed. 626 (1943); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996); *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir.1996); *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir.1994); *Schurz Communications, Inc. v. FCC*, 982 F.2d 1043, 1049 (7th Cir.1992), we give the opinion a commonsensical reading rather than nitpicking at it. E.g., *Bowman Transportation, Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281, 286, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974); *Rohan v. Chater, supra; Cronin v. U.S. Dept. of Agriculture*, 919 F.2d 439, 442–43 (7th Cir.1990). In this case the opinion recites at great length the medical evidence of Johnson's alleged disability, including a report by one doctor that Johnson has a diminished range of motion in his right arm. The opinion rejects this evidence on the ground that it was based solely on Johnson's statement to the doctor and that while Johnson attributed the problem to a wall falling on him he was unable to produce any evidence of the accident or of any treatment for it. It was after this that the administrative law judge mentioned medical opinions "from the State Agency physicians who essentially concluded that the claimant can perform a wide range of medium work activity.... There is no objective medical evidence invalidating this residual functional capacity. Consequently I adopt the opinion of the State Agency physicians." He neglected to point out that these physicians had checked the box for "limited" beside a subcategory of "manipulative limitations" captioned "Reaching all directions (including overhead)." Since elsewhere in the report the physicians had indicated in detail an absence of any relevant exertional limitations, the administrative law judge was entitled to conclude that the fact that Johnson cannot reach in all directions without some unspecified limitations was insufficient to establish that he can't perform his past work as a carpenter. That the administrative law judge did conclude this rather than overlook the check mark in the "limited" box seems to us the most plausible interpretation of the opinion, and no more is required to uphold it. *Books v. Chater*, 91 F.3d 972, 980 (7th Cir.1996); *Diaz v. Chater*, 55 F.3d 300, 307–08 (7th Cir.1995); *Carlson v. Shalala*, 999 F.2d 180 (7th Cir.1993) (per curiam).

AFFIRMED.