**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SAMMIE D. JONES,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

Defendant-Appellee.

No. 99-7039
(D.C. No. 98-CV-289-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sammie D. Jones appeals from the denial of disability benefits. The claim was decided at step five. Plaintiff argues on appeal that the administrative law judge (ALJ) improperly left the burden with her to prove that she could not do work other than her past relevant work, instead of accepting the burden to show by substantial evidence that there was other work that she could do. See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993). Relying on James v. Chater, 96 F.3d 1341, 1343-44 (10th Cir. 1996), the agency argues that plaintiff waived this issue by not raising it specifically in her request for Appeals Council review. [1]

We lack jurisdiction to consider the agency's waiver argument. The district court did not apply James, choosing instead to follow the magistrate judge's recommendation to decide the case on the merits. For this court to apply waiver now would therefore lessen plaintiff's rights and expand the relief afforded the agency. A party may not seek to enlarge its own rights or lessen the rights of its adversary absent a cross-appeal. See Massachusetts Mut. Life Ins. Co. v. Ludwig,

---

[1]    The James opinion on which the Commissioner relies is on questionable footing in light of Johnson v. Apfel, 189 F.3d 561, 563 (7th Cir. 1999), and Harwood v. Apfel, 186 F.3d 1039, 1042-43 (8th Cir. 1999). We also note that the Supreme Court has granted certiorari in Sims v. Apfel, No. 98-60126 (5th Cir. Nov. 6, 1998) (unpublished), to consider whether a federal court may impose an issue exhaustion requirement to bar judicial review of a Social Security claimant's issues that were not specifically raised by the claimant during the administrative process. See 68 U.S.L.W. 3345 (U.S. Nov. 29, 1999) (No. 98-9537) .

426 U.S. 479, 480-81 (1976) (per curiam). This circuit holds that "the filing of a timely cross-appeal is mandatory and jurisdictional." Savage v. Cache Valley Dairy Ass'n, 737 F.2d 887, 889 (10th Cir. 1984) (per curiam). Because the agency did not file a cross-appeal, we lack jurisdiction to consider its argument that plaintiff's issue on appeal is waived. We therefore proceed to the merits of plaintiff's appeal.

Plaintiff's specific argument is that the ALJ improperly left the burden with her to demonstrate just how limited her residual functional capacity (RFC) was before her insured status expired. We find no error. The claimant bears the burden of proof at steps one through four. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). The claimant's RFC is determined once, in detail, at step four. See 20 C.F.R. § 404.1520(e); Social Security Ruling 96-9p, 1996 WL 374185, at *2, *5-*9; Social Security Ruling 96-8p, 1996 WL 374184, at *5-*7; Social Security Ruling 86-8, 1986 WL 68636, at *4; see also Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). If the evaluation of the claim proceeds to step five, the same RFC finding is considered along with other factors to determine whether the claimant can perform work other than his or her past relevant work. See 20 C.F.R. § 404.1520(f); Social Security Ruling 86-8, 1986 WL 68636, at *7. We note that plaintiff does not allege that the ALJ erred in determining her RFC, in framing the hypothetical questions he posed to the

vocational expert, or in relying on the expert's response that there are several jobs plaintiff can perform with the limitations the ALJ accepted as true. Plaintiff's argument that the ALJ failed to shift the burden to the agency at step five is without merit.

AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge