[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12386
Non-Argument Calendar

_____

D. C. Docket No. 04-02149-CV-T-MSS

JAMES ZIMMER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 1, 2006)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

James Zimmer appeals the district court's order affirming the Commissioner's denial of his applications for disability insurance benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. §1383(c)(3). Zimmer asserts the administrative law judge (ALJ) erred in finding he acquired transferable skills in his past relevant work as a fine dining waiter. The ALJ did not err, and we affirm the Commissioner's denial of benefits.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

"Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant applying for benefits must prove he is disabled. 20 C.F.R. §§ 404.1512, 416.912; *Jones v. Apfel*, 190 F.3d 1224,

1228 (11th Cir. 1999). The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Jones*, 190 F.3d at 1228. First, the claimant must show he has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. Second, he must prove he has a severe impairment or combination of impairments. In step three, if his impairment meets or equals a listed impairment, he is automatically found disabled. If it does not, he moves on to step four, where he must prove he is unable to perform his past relevant work. Finally, if the claimant cannot perform past relevant work, the burden shifts to the Commissioner in the fifth step to show there is other work available in significant numbers in the national economy that the claimant can perform. *Id.*

In determining alternative jobs the claimant can perform in the fifth step, an ALJ must consider the claimant's residual functional capacity and vocational factors, including the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The ALJ must also determine what level of skill the claimant achieved in his past relevant work. 20 C.F.R. § 416.968. The Social Security Administration (SSA) defines skill as "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an

3

occupation which is above the unskilled level (requires more than 30 days to learn)." S.S.R. 82-41 at 2.

Whether an individual of advanced age (over age 55) has transferable skills "depends largely on the similarity of occupationally significant work activities among different jobs." 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1). Transferability is most likely among jobs that require the same or a lesser degree of skill, utilize the same or similar tools, and use the same or similar products, processes, or services. §§ 404.1568(d)(2), 416.968(d)(2). Complete similarity among all these factors is not necessary for transferability. §§ 404.1568(d)(3), 416.968(d)(3).

An ALJ relies on the testimony of a vocational expert (VE) to determine what level of skill the claimant achieved in his past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs. *Jones*, 190 F.3d at 1229. An ALJ relies on a VE once the claimant has proven he "cannot perform a full range of work at a given level of exertion." *Id.* The VE provides the ALJ with the additional data he needs to make a disability determination. *Id.* at 1230. The VE's testimony "trumps" other sources of information with regard to skill level and alternative jobs. *Id.* at 1229-30. Unless the VE is proven incorrect, the ALJ may rely on the VE's testimony. *See id.* at 1230.

Here, substantial evidence supports the ALJ's finding Zimmer could perform other work in the national economy based on the VE's testimony because the skills he acquired during his past relevant work are transferable to other semi-skilled jobs. According to the VE, Zimmer acquired the skills of money handling and customer service while he was a waiter.[1] Unless Zimmer can show the VE was wrong in her assessment of his skills, the VE's assessment is deemed correct. Zimmer does not argue he did not learn these behaviors as a waiter. Instead, he argues these behaviors are not skills at all. This argument does not show the VE was incorrect because these behaviors fall within the SSA's definition of skill. S.S.R. 82-41 at 2. Zimmer testified during the hearing that he needed a "certain skill level" to perform his past job that required knowledge of cuisine, wine, and drinks "in a lot of detail." Zimmer's own testimony shows he acquired the skills of customer service and money handling. Even though unskilled workers perform these same behaviors, Zimmer performed them at such a high degree as to make them skills. Zimmer failed to show the VE was incorrect in classifying these behaviors as skills and in determining Zimmer had acquired them. Therefore, the ALJ did not err in relying on the VE's assessment to find Zimmer acquired skills.

---

[1]The Eighth Circuit held these exact behaviors were transferable skills acquired from past relevant work as a waitress. *Bjornholm v. Shalala*, 39 F.3d 888, 890 (8th Cir. 1994).

According to the regulations, the alternative jobs in the national economy need not be completely similar to past relevant work for skills to transfer. §§ 404.1568(d)(3), 416.968(d)(3). Here, the alternative jobs proposed were order clerk, laundry pricing clerk, and check cashier. These jobs are not completely similar to Zimmer's past work as a waiter. However, they require the same or a lesser degree of each skill Zimmer acquired, utilize the same or similar tools, and use the same or similar products, processes, or services. *See* §§ 404.1568(d)(2), 416.968(d)(2). In any of the alternative jobs, Zimmer would have to perform customer service and handle money, just as he did as a waiter. Therefore, Zimmer's skills are transferable because the method in which they would be used in the alternative jobs is sufficiently similar to how he used them as a waiter. Substantial evidence supports the ALJ's finding of transferable skills, and we affirm the Commissioner's denial of benefits.

**AFFIRMED.**