BYE, Circuit Judge,
dissenting.
I respectfully dissent. I believe the dis-positive issue in this case is whether the deputy director applied the correct legal standard when reviewing the decision of the hearing officer.
The majority, relying on the portion of the deputy director’s order in which he determined there was insufficient evidence of error in Bata’s sampling of the potatoes, concludes it was reasonably discernible that the deputy director reviewed the decision of the hearing officer for substantial evidence. I disagree. The deputy director applied a mixture of de novo review and review for substantial evidence. It is also clear the deputy director incorrectly applied the substantial evidence standard. I would, therefore, remand this case for reconsideration under the correct legal standard.
*1085 The deputy director was required to review the hearing officer’s decision to determine whether it was supported by substantial evidence. 7 C.F.R. § 11.9(d)(1). “Substantial evidence is a deferential review standard, requiring only the presence of ‘such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.’ ” Syverson v. U.S. Dep’t of Agric., 601 F.3d 793, 800 (8th Cir.2010) (quoting W. States Cattle Co. v. U.S. Dep’t of Agric., 880 F.2d 88, 89 (8th Cir.1989)). “Evidence may be substantial even when two inconsistent conclusions might have been drawn from it.” Syverson, 601 F.3d at 800.
On review for substantial evidence, the inquiry is whether the decision being reviewed is supported by substantial evidence, not whether substantial evidence supports a contrary theory. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir.1999) (citing Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993); Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir.1993)). However, the deputy director began his review of the hearing officer’s decision on this issue by concluding substantial evidence supported the RMA’s position, a theory contrary to the decision of the hearing officer.
Further, instead of determining whether the hearing officer’s factual findings were supported by substantial evidence, the deputy director then went on to make findings of fact de novo regarding the manner in which Bata had sampled the potatoes and whether the sampling had been in accord with procedure. He also weighed de novo the relative credibility of Dawson’s expert witness and the disease diagnosis reports, finding the expert to be less credible because he had not personally viewed the potatoes at issue and, accordingly, finding the disease diagnosis reports to be more credible. As the majority correctly notes, the deputy director may look beyond the findings of fact explicitly made by the hearing officer and examine the underlying record. 7 C.F.R. § 11.9(d)(1). However, in doing so, the deputy director is to assess the underlying record to determine whether it supports the decision made by the hearing officer, id., not some contrary theory or the director’s independent conclusion, see Harwood, 186 F.3d at 1042.
Finally, the deputy director reached the issue of whether Bata had correctly sampled Dawson’s potatoes. As the majority noted, this is a legal issue on which the deputy director was not bound by the decision of the hearing officer. However, the deputy director made his legal conclusion on the basis of findings of fact he had made de novo rather than on the factual findings made by the hearing officer after determining whether those findings of fact were supported by substantial evidence. Accordingly, I would hold the deputy director’s decision was not in accordance with law. If, on review for substantial evidence, the reviewing agency officer may make a de novo legal conclusion upon facts found de novo, the deferential review for substantial evidence would accord no deference whatsoever.
Because I would remand the case to the deputy director for reconsideration under the correct legal standard, I would not reach the issue of whether the deputy director’s decision is supported by substantial evidence.
I respectfully dissent.