Clide R. CROSBY, Plaintiff,

v.

William A. HALTER, Commissioner of Social Security, Defendant.

No. 97 C 8459.

United States District Court,
N.D. Illinois,
Eastern Division.

March 29, 2001.

Marcie E. Goldbloom, Clide R. Crosby, Frederick J. Daley, Ltd., Chicago, IL, Barry Alan Schultz, Schultz & Winick, PC, Evanston, IL, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

MORTON DENLOW, United States Magistrate Judge.

This case is before the Court on Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Seventh Circuit Court of Appeals reversed and remanded for further consideration this Court's decision which had affirmed the Administrative Law Judge's decision denying disability benefits to Plaintiff. The principal issue presented is whether the Commissioner was substantially justified in its legal and factual positions. The Court grants Plaintiff's application in the amount of $24,827.86, because the Court

finds the Commissioner's position was not substantially justified and because Plaintiff's application for attorney's fees is reasonable.

## I. BACKGROUND FACTS

On January 26, 1995, Plaintiff filed concurrent applications for Social Security Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1381a. Plaintiff claimed he was disabled because he suffered from back and shoulder pain that prevented him from working. Plaintiff alleged the onset of his disability on January 21, 1994. An Administrative Law Judge ("ALJ") found the Plaintiff was not disabled and denied his claims. Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied.

Plaintiff sought judicial review. This Court granted the Commissioner's motion for summary judgment and affirmed the ALJ's decision. *Crosby v. Apfel*, 76 F.Supp.2d 928 (N.D.Ill.1999). Plaintiff appealed to the Seventh Circuit. On appeal, Plaintiff argued the ALJ applied an incorrect legal standard and that the decision was not supported by substantial evidence. Specifically, Plaintiff claimed the ALJ applied an incorrect legal standard, improperly rejected the Plaintiff's testimony regarding his disability, did not consider significant evidence which conflicted with the decision, did not offer sufficient explanations supporting his conclusions, made independent medical determinations, and improperly relied upon Plaintiff's testimony describing his daily activities to support a finding that he was not disabled. In agreeing with Plaintiff, the Seventh Circuit reversed and remanded for further administrative proceedings holding the ALJ's decision was not supported by substantial evidence. *Crosby v. Apfel*, 2000 WL 1909641 (7th Cir. Dec.29, 2000).

Plaintiff submitted an EAJA fee application in the amount of $9,226.79, for the work performed by his attorney, Frederick J. Daley and his associates, at the district court level; and $15,601.17, for the services of Barry A. Schultz, who represented Plaintiff before the Seventh Circuit Court of Appeals. These fee applications also included time spent on their fee applications and cost reimbursements. The Commissioner has challenged Plaintiff's entitlement to fees and, alternatively, the reasonableness of the requested fees. Plaintiff has assigned his EAJA fees to counsel.

## II. STANDARD FOR FEE AWARD UNDER THE EAJA

This Court has recently dealt with similar issues under EAJA. *Smith v. Apfel*, 2001 WL 199505 (N.D.Ill., Feb.27, 2001). The EAJA directs a court to award attorney's fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the Government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A) and (B). The position of the United States includes both its position during litigation and its position during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D). The substantial justification standard requires the government to show its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark*, 200 F.3d 1076, 1080 (7th Cir. 2000). This Court is required to examine the government's position in both the prelitigation and litigation contexts. *Id.* When errors are made by the ALJ, the Commis-

sioner is held accountable. *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir.1991).

■■■ The standard of "substantially justified" is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161–162, 110 S.Ct. 2316, 2320–2321, 110 L.Ed.2d 134 (1990). This Court is required to make a global assessment to determine whether the government was substantially justified in continuing to push forward at each stage. *Hallmark*, 200 F.3d at 1081.

■■■ The Government's success on the merits is relevant to the "substantial justification" determination. In *Pierce*, the Supreme Court observed: "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; and even more so a string of successes." *Pierce*, 487 U.S. at 568, 108 S.Ct. at 2551. When considering the issue of EAJA fees, this Court must reexamine the factual and legal circumstances of the case from a different perspective than used at any other stage of the proceeding. *Hallmark*, 200 F.3d at 1080.

## III. THE COMMISSIONER HAS NOT MET ITS BURDEN OF PROOF THAT ITS POSITION WAS SUBSTANTIALLY JUSTIFIED

### A. Substantial Evidence vs. Substantial Justification

■■■ Two different standards apply at the merits stage and the EAJA stage.

During the merits portion of a case, the court's determination must be supported by "substantial evidence" in the record "which is evidence a reasonable mind might accept as adequate to support a conclusion." *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir.2000). At the EAJA stage, fees are to be awarded unless the government's position was substantially justified. The position of the Commissioner is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person" and have a "reasonable basis in law and fact." *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550. Although the language defining the substantial evidence standard is strikingly similar to the standard for substantial justification, the two are not the same. However, an examination of the decision on the merits is important in the EAJA determination. For example, a finding that the government's position on the merits was "arbitrary and capricious" may be at odds with a later conclusion that the government's position was "substantially justified." *Hallmark*, 200 F.3d at 1081 (remanding case for re-examination of previous denial of attorney's fees). This Court must give due deference to the ultimate decision on the merits in deciding the EAJA application while recognizing "the outcome of a case is not conclusive evidence of the justification for the government's position." *Hallmark*, 200 F.3d at 1079.

### B. A String of Successes Does Not Constitute Substantial Justification

■■■ "Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569, 108 S.Ct. at 2552. In *United States v. Paisley*, 957 F.2d 1161, 1166 (4th Cir.1992), the government pre-

vailed at every level of the litigation until the Supreme Court reversed and finally decided against the government. Although the Fourth Circuit found the government's position was substantially justified, the court, citing *Pierce*, discussed "the fact that the claim survived through the court of appeals ... points generally in the direction of strength, it obviously could not suffice, standing alone, to command a finding of substantial justification. Completely unfounded claims sometimes for a variety of reasons, survive beyond their just desserts." *Id.* While such objective indicia may be considered when they are relevant, the Seventh Circuit has cautioned "that these objective factors are rarely conclusive. It is more important for the district court to examine the actual merits of the Government's litigating position." *Hallmark Constr. Co.*, 200 F.3d at 1080.

## C. Analysis of Commissioner's Position

 The Seventh Circuit strongly disapproved of the Commissioner's position. Specifically, the Seventh Circuit criticized the ALJ for applying an incorrect legal standard, for ignoring significant evidence contrary to his decision, for failing to provide adequate explanations for his findings, and for making independent medical determinations. *Crosby*, 2000 WL 1909641, at *6, *7. The Seventh Circuit decision strongly suggests the Commissioner's prelitigation and litigation positions were not substantially justified because these problems were present throughout the administrative and litigation phases of this case. Despite the contrary views expressed by the ALJ and this Court, the Seventh Circuit makes clear the record developed was simply not adequate to deny disability benefits to Plaintiff.

First, the Seventh Circuit concluded "the ALJ is obliged to examine and weigh all the evidence including observations by treating and examining physicians, third-party testimony, the claimant's testimony and daily activities, functional restrictions, pain medication taken, and aggravating or precipitating factors to evaluate how much the claimant's impairment affects his ability to work." *Crosby*, 2000 WL 1909641, at *4 (citing *Herron v. Shalala*, 19 F.3d 329, 334 (7th Cir.1994)). The Seventh Circuit held the ALJ erred in finding the Plaintiff's testimony was not credible as to the existence of a disability. *Id.* The ALJ's finding rested on the absence of objective medical evidence to corroborate the Plaintiff's testimony. The ALJ's reasoning conflicted with Seventh Circuit precedent, in which they "will not reject the statements of the individual ... solely because the available medical evidence does not substantiate [Plaintiff's] statements." *Pope v. Shalala*, 998 F.2d 473, 482 (7th Cir.1993), overruled on other grounds by *Johnson v. Apfel*, 189 F.3d 561 (7th Cir.1999).

Second, the ALJ failed to consider and discuss significant evidence contrary to his ruling, such as Plaintiff's ability to lift weight and to sit or stand during the course of a work day. *Crosby*, 2000 WL 1909641, at *5. It was contrary to established law for the ALJ not to consider and discuss all the significant evidence, including evidence which conflicts with the ALJ's decision. *Lauer v. Apfel*, 169 F.3d 489, 493 (7th Cir.1999) (citing *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir.1995)). As a result, the ALJ's decision did not have a reasonable basis in fact.

 Third, faced with conflicting accounts from the same physician regarding Plaintiff's ability to lift weight, the ALJ failed to seek clarification from the physician. *Crosby*, 2000 WL 1909641, at *5. If the evidence is inadequate to determine whether the Plaintiff is disabled, the ALJ is required to seek additional information.

20 C.F.R. § 404.1512(e). Furthermore, the ALJ offered no explanation for his ultimate conclusion regarding Plaintiff's lifting ability. "The requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir.1992). However, the ALJ "must articulate at some minimal level his analysis of the evidence in cases in which considerable evidence is presented." *Burnett v. Bowen*, 830 F.2d 731, 735 (7th Cir.1987). In this case, the Seventh Circuit concluded the ALJ failed to adequately discuss the evidence supporting his decision. *Crosby*, 2000 WL 1909641, at *7.

Finally, the Seventh Circuit held the ALJ essentially made his own medical determination in his discussion of Plaintiff's pain medication. *Crosby*, 2000 WL 1909641, at *7. The Seventh Circuit held the ALJ's determination that Plaintiff's pain medication evidenced "that the pain was not sufficiently severe to be disabling" was improper because it "represented a medical opinion by the ALJ." *Id.* At the time the ALJ made his decision, the law was established that an ALJ may not make his own independent medical determinations about the claimant. *Rousey v. Heckler*, 771 F.2d 1065, 1069 (7th Cir. 1985).

The Seventh Circuit followed existing and established law in deciding in favor of the Plaintiff. The ALJ failed to apply correct legal standards, failed to consider substantial evidence contrary to his decision, failed to offer adequate explanation for his findings, and made an independent medical determination. In sum, the ALJ failed to conform his findings with existing principles. The fact this Court affirmed the ALJ does not change the result.

Under these circumstances, this Court finds that in reviewing the entire action, the Commissioner has not met the burden to establish his position was grounded in a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory propounded, and a reasonable connection between the facts alleged and the legal theory advanced. *Hallmark*, 200 F.3d at 1080. Having reviewed the entire record, the Court concludes Plaintiff is entitled to EAJA fees. This is not a case in which the only problem was one of a failure to articulate. The Seventh Circuit noted substantial legal and factual errors.

**D. Public Policy Considerations of the EAJA also Support the Award of Fees**

■■■■ One of Congress' expectations in enacting the EAJA was to attract private counsel to represent meritorious disability claimants. Congress was concerned that persons "may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved." *Sullivan v. Hudson*, 490 U.S. 877, 883, 109 S.Ct. 2248, 2253, 104 L.Ed.2d 941 (1989). Denying the ultimately prevailing party EAJA fees simply because the Government prevailed at one stage of the proceedings would discourage attorneys from representing these individuals past the district court stage, if at all. "When the cost of contesting a Government order, for example, exceeds the amount at stake, a party has no realistic choice and no effective remedy." *Id.*

■■■ The EAJA was designed to rectify this situation by providing for an award of reasonable attorney's fees. In addition, the EAJA encourages government agencies to investigate, prepare and proceed with litigation in a professional and appropriate manner. Likewise, the potential for recovering fees encourages private counsel to assist in improving government efficiency. *Hallmark*, 200 F.3d at 1080. Absent

the availability of EAJA fees, it is unlikely Plaintiff would have been able to pursue an appeal from the ALJ's and this Court's decisions. Therefore, the award of EAJA fees in this case also furthers the strong public policy the EAJA statute was designed to promote.

## IV. PLAINTIFF IS ENTITLED TO $24,827.86 IN FEES AND COSTS

 The Commissioner argues the fees requested by Plaintiff's attorneys are excessive. The Court has reviewed Plaintiff's fee petitions, pleadings, briefs, docket sheets and finds that the time spent was reasonable, the hourly rate proper, and the work product professional. Both Mr. Daley and Mr. Schultz are experienced social security attorneys who prosecuted this case diligently and efficiently. This Court has seen their work product on many occasions and their work in this case reflects their careful preparation. Unlike experienced attorneys in other fields who are compensated at higher rates for their expertise, these attorneys are limited by statute to a relatively low fee of approximately $140 per hour despite their many years of expertise. 28 U.S.C. § 2412(d)(2)(A).

The objections by the Commissioner represent nit picking. In oral argument, the Commissioner could point to no more than one hour of time to be challenged. While this Court is mindful that EAJA fees constitute public moneys, Plaintiff's counsel has demonstrated care for the public purse by their efficient prosecution of this litigation.

 In addition, the time spent by counsel in pursuing their fee application is also reasonable. Supplemental fees for the work performed in preparing EAJA briefs are appropriate. *Commissioner, INS v. Jean,* 496 U.S. 154, 162, 110 S.Ct.

2316, 2321, 110 L.Ed.2d 134 (1990). The Court finds the time spent, at both the district court and the appellate level, was reasonable. Without the expertise of Plaintiff's counsel and the availability of the EAJA fees, Plaintiff would not have had the ability or financial resources to enter this courthouse and to seek review of both the ALJ's decision and this Court's decision by the Seventh Circuit.

## V. CONCLUSION

Plaintiff's application for fees and costs is granted. The Clerk of the Court is directed to enter a judgment in favor of Frederick J. Daley, as assignee of Plaintiff Clide R. Crosby, and against Defendant William A. Halter, Acting Commissioner of Social Security, in the amount of $24,827.86, for attorney's fees and court costs pursuant to the Equal Access to Justice Act.