# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3981SI

_____

Kenneth C. Tennant,           *
                                  *

        Appellant,         *    On Appeal from the United
                                    *    States District Court
   v.                                *    for the Southern District
                                    *    of Iowa.
Kenneth S. Apfel, Commissioner of    *
Social Security Administration,       *    [To Be Published]
                                    *
        Appellee.          *

_____

Submitted: September 6, 2000

Filed: September 14, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Kevin C. Tennant appeals the District Court's[1] order affirming the Commissioner's decision to deny his applications for disability insurance benefits and supplemental security income (SSI). Having reviewed the record, see Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable R. E. Longstaff, United States District Judge for the Southern District of Iowa.

Plaintiff applied for benefits in November 1991, alleging he could not work because of bilateral-knee, right-ankle, and back injuries. In May 1994, while his applications were pending, he reapplied for SSI, alleging disability from musculo-skeletal problems, pinched nerves, and fatigue; the applications were joined. Plaintiff was diagnosed with fibromyalgia[2] by an orthopedist and a rheumatologist in 1995. After the third administrative hearing,[3] the administrative law judge (ALJ) concluded Plaintiff was not disabled, as he could perform certain light, unskilled jobs identified by the vocational expert.

On appeal, Plaintiff argues that the ALJ's credibility determination is unsupported by the record. We disagree. Although fibromyalgia can cause joint pain and fatigue, the issue before the ALJ was the severity of Plaintiff's fibromyalgia-related symptoms. See Riggins v. Apfel, 177 F.3d 689, 692 (8th Cir. 1999); Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998) (fibromyalgia can be disabling). In discrediting Plaintiff, the ALJ properly relied on his poor work record, the absence of physician-ordered limitations, and the lack of objective medical evidence. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999). It was also proper for the District Court to consider Plaintiff's part-time college attendance, as carrying 17 credit hours of chiropractic classes while maintaining a C average appears inconsistent with allegedly disabling joint pain and fatigue. Cf. Baker v. Apfel, 159 F.3d 1140, 1145 (8th Cir. 1998) (where ALJ relied in part on claimant's ability to attend four hours of classes

---

[2]Fibromyalgia is inflammation of the fibrous and connective tissue, causing muscle and joint pain, stiffness, and fatigue. A diagnosis is usually made after eliminating other conditions with similar symptoms, as there are no specific diagnostic tests for this affliction. See Jeffrey Larson, Fibromyalgia, in THE GALE ENCYCLOPEDIA OF MEDICINE 1185-86 (Donna Olendorf et al. eds. 1999).

[3]Tennant's case was remanded by the District Court in November 1994 and February 1998 based on, inter alia, the lack of necessary vocational expert (VE) testimony.

daily in finding him capable of performing full range of light work, substantial evidence supported ALJ's conclusion).

Plaintiff next asserts that the ALJ improperly relied on the opinions of Drs. Pawl and Glad--a pain-center physician and psychologist who saw Plaintiff twice in 1991, and who concluded that his symptoms were essentially psychologically based--instead of the opinions of his treating physicians. He also argues that he rightfully refused a psychiatric consultative examination. These arguments also fail. Despite Plaintiff's suggestions to the contrary, Drs. Pawl and Glad were treating (not consulting) healthcare providers, and Dr. Pawl performed both neurological and musculo-skeletal assessments while Dr. Glad administered a Minnesota Multiphasic Personality Inventory and interviewed Plaintiff. Also, two other physicians later suggested that Plaintiff's symptoms could have a psychological basis. In any event, the ALJ did not rely exclusively on the opinions of Drs. Pawl and Glad. As to Plaintiff's refusal to participate in a consultative psychiatric examination, regardless of his reasons for doing so, the lack of such an examination made the record incomplete as to his mental status, and the ALJ could--and did--determine only whether his physical impairments prevented him from working.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.