# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3518

_____

Dennis Davidson,

        Appellant,

v.

JoAnne B. Barnhart,[1] Acting
Commissioner, Social Security
Administration,

        Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*  [UNPUBLISHED]
\*
\*
\*

_____

Submitted:  March 7, 2002
Filed:  March 13, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

_____

[1]JoAnne B. Barnhart has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Dennis Davidson appeals the District Court's[2] order affirming the Commissioner's denial of supplemental security income. After a careful review of the record, see Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (standard of review), we affirm.

In his April 1997 application Davidson alleged disability since December 1988 from chronic back pain. He later added anxiety and nervous disorders. After a hearing, an administrative law judge (ALJ) determined that Davidson could not perform his past relevant work, but that he could perform certain jobs which a vocational expert identified at the hearing in response to the ALJ's hypothetical question.

Davidson generally contends that the ALJ ignored evidence of disabling mental impairment. We disagree. The ALJ specifically noted the diagnosed mental conditions, finding that Davidson had severe major depression and a personality disorder, cf. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (there is no doubt claimant is experiencing pain, but real issue is how severe that pain is); and contrary to Davidson's assertion, none of the VA physicians who treated him for mental problems opined that he could not work, cf. Tennant v. Apfel, 224 F.3d 869, 870 (8th Cir. 2000) (per curiam) (claimant was properly discredited in part based on lack of physician-ordered limitations). Further, the Social Security Administration physicians, like the ALJ, found that Davidson was "often" deficient in concentration, persistence, or pace, not that he "often" decompensated at work.

Davidson suggests the ALJ improperly discredited him based solely on his demeanor at the hearing. The ALJ did not even mention Davidson's demeanor.

---

[2]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

Instead, the ALJ listed the factors from <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984), and cited multiple inconsistencies in the record on which he based his credibility determination. <u>See</u> <u>Haggard v. Apfel</u>, 175 F.3d 591, 594 (8th Cir. 1999) (declining to disturb decision of ALJ who considered, but for good cause expressly discredited, claimant's subjective complaints).

Davidson's remaining arguments are either unsupported by the record or provide no basis for overturning the ALJ's decision.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.