# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2111

_____

James E. Forte,                           *
                                          *
        Appellant,                        *
                                          *   Appeal from the United States
    v.                                    *   District Court for the
                                          *   Eastern District of Arkansas
JoAnne B. Barnhart, Commissioner,         *
Social Security Administration,           *
                                          *
        Appellee.                         *

_____

Submitted:  December 19, 2003
     Filed:  July 29, 2004

_____

Before MELLOY, McMILLIAN and BOWMAN, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

James E. Forte appeals from a judgment of the District Court for the Eastern District of Arkansas[1] upholding a final decision of the Commissioner of the Social Security Administration (SSA) denying his application for disability insurance benefits under 42 U.S.C. §§ 401-433.  We affirm.

_____

[1]The Honorable H.D. Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for decision upon the consent of the parties under 28 U.S.C. § 636(c).

Forte was born in 1955; he has a college degree in social sciences and work experience as a press operator and school teacher. In May 1999, he filed an application for disability insurance benefits, alleging a disability beginning in July 1998 due to back pain. After his application was denied initially and on reconsideration, in January 2000, Forte appeared before an administration law judge (ALJ). He testified that in December 1997 he injured his back and neck in an automobile accident and did not return to his job as a teacher until June 1998. About a month after he returned to work, he took his class on a field trip to learn about farm and work animals. While riding on a water buffalo, Forte fell off. He filed a worker's compensation claim and received an award on account of the fall, but was released back to work without restrictions in October 1998. Forte worked only for a short period, testifying that he was unable to work following the fall because of disabling back pain and numbness in his legs. As to his daily activities, he stated that he was studying for teacher certification and taking theology courses. He also stated that he could drive, walk one-half mile, sit for thirty to forty-five minutes, stand twenty to thirty minutes, and lift no more than ten pounds.

The ALJ asked a vocational expert if there were jobs available in the national economy for a person of the same age, education, and work experience as Forte and who could sit for forty-five minutes, stand for thirty minutes, walk one and one-half miles, lift up to fifteen pounds, and had the option of alternately sitting, standing, and walking. The vocational expert responded that such a person could perform inspecting, sorting, and assembly jobs. At the conclusion of the hearing, the ALJ stated that he would keep the record open for additional medical records.

The medical evidence is as follows. In February 1998, Dr. David Hicks treated Forte for pain following a December 1997 automobile accident. Dr. Hicks noted that an MRI was negative and diagnosed lumbosacral strain, prescribing physical therapy and pain medication. Forte also saw Dr. James Ketcham, a pain management doctor. In February 1998, Dr. Ketcham reported that Forte had pain following the accident

and recommended trigger point injections, epidural injections and physical therapy. On May 29, 1998, Dr. Ketcham released Forte to go back to work without restrictions.

Following the July 1998 fall from the water buffalo, Forte saw Dr. Hicks with complaints of pain. Dr. Hicks again diagnosed lumbosacral strain and prescribed physical therapy and pain medications. Forte also saw Dr. Ketcham, who treated him with trigger point and epidural injections. Dr. Hicks referred Forte to Dr. Reginald Rutherford, who reported that Forte had a negative work-up and opined that "the best course of action" was for Forte to return to work. Forte also saw Dr. Bruce Safman. In September 1998, Dr. Safman reported that Forte had received injections and pain medications and had reached maximum medical improvement. On September 30, 1998, Dr. Safman advised Forte to lose weight and increase activity and released him to go back to work without restrictions.

In October 1998, Forte reported to Drs. Hicks and Ketcham that he had been terminated from his teaching position, claiming that he could not work because of disabling pain. Forte resumed physical therapy, took pain medication, and received epidural injections from Dr. Ketcham. At Dr. Ketcham's request, in January 1999, a work rehabilitation specialist evaluated Forte's functional capacity. After testing, an occupational therapist reported that Forte could sit for forty-five minutes at a time, stand for fifteen minutes at a time, and lift and carry thirty pounds, concluding that Forte had "demonstrated sufficient functional capacity to work safely and productively in light range jobs." A February 1999 note from a physical therapist reported that Forte had a sixty percent improvement in his symptoms and could sit and stand for an hour and one-half.

In an April 1999 note, Dr. Ketcham stated that Forte could not return to his teaching job, but had the functional capacity for light duty work. In a June 1999 note, Dr. Ketcham reported that Forte had improved, was not displaying chronic pain

behavior, and was "functional," noting that he was taking classes and doing well in them. In August 1999, Dr. Ketcham reported that Forte was walking six to eight miles a week, had lost some weight, and had gone on a family vacation. With pain medications, Forte had rated his pain as a three on a scale of one to ten, with ten being the most intense pain.

In a January 25, 2000, letter, Dr. Lon Burba reported that he had examined Forte for complaints of back pain. The doctor diagnosed a soft tissue injury, noting that physical examination and an electromyography examination (EMG) were normal. In a February 2000 report to the SSA, Dr. Hicks noted that Forte had lumbosacral strain, moderate pain, and marked functional limitations of bending, lifting, stooping, and prolonged standing and sitting. In a March 13, 2000, letter, Dr. Burba wrote that Forte had radiculitis, which was suspected to be related to degenerative disc disease.

In May 2000, the ALJ denied benefits. The ALJ found that Forte had some pain and could not return to teaching. However, the ALJ found that Forte had the residual functional capacity (RFC) to perform sedentary work that would allow him to alternate sitting and standing, noting the vocational expert's testimony that such jobs existed in the national economy.

Forte sought review in the district court, which held that substantial evidence supported the ALJ's decision. This appeal followed.

**DISCUSSION**

We must affirm the ALJ's "findings if supported by substantial evidence on the record as a whole." Masterson v. Barnhart, 363 F.3d 731, 736 (8th Cir. 2004) (internal quotation omitted). "Substantial evidence is less than a preponderance , but enough that a reasonable mind might accept it as adequate to support a decision." Id.

On appeal, Forte argues that the ALJ erred in discounting his allegations of disabling pain. As Forte points out, an ALJ may not discount allegations of disabling pain solely on the lack of objective medical evidence. Tennant v. Apfel, 224 F.3d 869, 871 (8th Cir. 2000) (Tennant). However, lack of objective medical evidence is a factor an ALJ may consider. Id. In this case, in addition to lack of objective medical evidence, the ALJ considered other relevant factors. Although the ALJ "did not explicitly discuss each [relevant] factor in a methodical fashion, he acknowledged and considered those factors before discounting [Forte's] subjective complaints of pain." Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) (Brown). This court has stated that "'[a]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably had no practical effect on the outcome of the case.'" Id. (quoting Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987)).

In this case, the ALJ did not err in discounting Forte's allegations of disabling pain. The ALJ found that Forte's description of his daily activities were inconsistent with allegations of disabling pain. The ALJ noted that Forte was attending classes and driving. See Tennant, 224 F.3d at 870 (part-time college attendance inconsistent with allegations of disabling pain and fatigue). The ALJ also noted on a 1999 SSA form, Forte had stated he shopped for groceries, ran errands, cooked, drove, walked for exercise, attended church, and visited friends and relatives. See Hutton v. Apfel, 175 F.3d 651, 654 (8th Cir. 1999).

Contrary to Forte's argument, the ALJ gave careful consideration to the medical evidence. He reviewed the progress notes and pointed out, among other things, that in June and August 1999, Dr. Ketcham had reported that Forte was walking six to eight miles a week, had denied that pain was radiating down his legs, and had not displayed chronic pain behavior. The ALJ also noted that in 1999 a physical therapist noted that Forte had a sixty percent improvement in his symptoms and was able to sit for one and one-half hours, walk for thirty minutes, and stand for

one hour.  Importantly, the ALJ also noted that in October 1998, doctors had released Forte back to work with no restrictions, Brown, 87 F.3d at 965 ("lack of medical restrictions inconsistent with claimant's complaints of disabling pain"), and that other medical professionals had not indicated that he was precluded from performing any work.

Nor, as Forte argues, did the ALJ fail to give appropriate weight to Dr. Hicks's opinion.  Although Dr. Ketcham, who was a treating physician, opined that Forte had the functional capacity to perform light work, the ALJ concluded that Forte's RFC limited him to sedentary work with the option of alternately sitting and standing.  In so concluding, the ALJ relied on Dr. Hicks's opinion that Forte had marked restrictions in bending, lifting, stooping, and prolonged standing and sitting.

The ALJ also did not ignore the evidence from Dr. Burba.  The ALJ noted that in January 2000, Dr. Burba reported that Forte's physical examination and EMG were normal and diagnosed a soft tissue injury and in March 2000 reported that Forte had radiculitis.  However, the ALJ noted that the doctor did not indicate medical evidence supported the March diagnosis and had speculated as to a cause.

We also reject Forte's argument that the ALJ erred in failing to consider his obesity in assessing his RFC.  Although his treating doctors noted that Forte was obese and should lose weight, none of them suggested his obesity imposed any additional work-related limitations, and he did not testify that his obesity imposed additional restrictions.  See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003).  Indeed, Dr. Ketcham repeatedly reported that Forte was obese, but nonetheless believed that he could perform light work.  "In light of the evidence of record, the fact that the [ALJ's] decision does not discuss obesity as an impairment is not fatal."  Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995).

Also without merit is Forte's argument that the ALJ's hypothetical question to the vocational expert was deficient.  The ALJ properly included in the hypothetical question the work-related limitations that he found credible.  See Harvey v. Barnhart, 368 F.3d 1013, 1016 (8th Cir. 2004) ("fact that the ALJ omitted from his hypothetical question those aspects of [claimant's] subjective complaints that the ALJ considered non-credible does not render the question faulty").  Indeed, the "hypothetical here addressed [Forte's] need to sit and stand at will, and required the expert to limit [his] consideration to jobs which would allow for alternate sitting and standing." Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001) (internal quotation omitted).

Accordingly, we affirm the judgment of the district court.

_____