# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3155

———————

Wanda J. Strickland,

               Appellant,

     v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

               Appellee.

\*    Appeal from the United States
\*    District Court for the
\*    Eastern District of Arkansas.
\*
\*     [UNPUBLISHED]

———————

Submitted: August 5, 2005
Filed: August 9, 2005

———————

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Wanda Strickland, who alleged she had been disabled since March 1999 from asthma, emphysema, and back pain related to her lungs, appeals the district court's[1] order upholding the Social Security Commissioner's decision to deny disability insurance benefits and supplemental security income. For reversal, Strickland argues

———————

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

the administrative law judge (ALJ) did not properly consider the effect of her obesity on her residual functional capacity (RFC). For the reasons that follow, we affirm.

Following a December 2002 hearing, the ALJ found that Strickland, who was born in January 1965, suffered from chronic obstructive asthma, gastroesophageal reflux disease, morbid obesity, allergic rhinitis, situational depression, and obstructive sleep apnea, but her impairments alone or combined were not of listing-level severity; that it was reasonable to assume Strickland's obesity caused some limitation of motion in bending, stooping, and lifting; that these limitations would be considered in evaluating her RFC; that she failed to follow her doctors' repeated admonitions to quit smoking; that her subjective allegations were not entirely credible; and that her RFC did not prevent her from performing either her past relevant work as a cashier, or a wide range of light jobs, as confirmed by the vocational expert's testimony.

We conclude the ALJ's decision is supported by substantial evidence. See Lewis v. Barnhart, 353 F.3d 642, 644-45 (8th Cir. 2003) (standard of review). In particular, when Strickland applied for benefits and when she testified at the hearing, she focused on her asthma, emphysema, and continuous coughing as the conditions that prevented her from working. Nevertheless, she continued to smoke a pack or two of cigarettes daily, despite being advised by her doctors to quit, and the ALJ properly considered this in discounting her subjective allegations. See Wheeler v. Apfel, 224 F.3d 891, 895 (8th Cir. 2000); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997). In addition, none of Strickland's physicians imposed any work-related limitations related to her obesity. See Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004); Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining RFC, ALJ must consider medical records, observations of treating physicians and others, and claimant's description of her limitations). Accordingly, we affirm the judgment of the district court.

_____