# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1913

_____

Deborah L. Farstad,                          *
                                             *
          Appellant,                         *
                                             *   Appeal from the United States
     v.                                      *   District Court for the
                                             *   District of North Dakota.
Michael J. Astrue, Commissioner              *
of Social Security Administration,           *   [UNPUBLISHED]
                                             *
          Appellee.                          *

_____

Submitted:  August 5, 2009
Filed: August 11, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Deborah L. Farstad appeals the district court's[1] order affirming the denial of disability insurance benefits. Farstad alleged disability since March 2003 from bipolar and severe-anxiety disorders, migraines, and related concentration and memory problems. Following a November 2005 hearing, where Farstad was counseled, an

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendations of the Honorable Charles S. Miller, United States Magistrate Judge for the District of North Dakota.

administrative law judge (ALJ) determined that Farstad's insured status expired on March 31, 2006; her severe impairments--obesity, migraines, and bipolar, anxiety, and personality disorders--did not, alone or combined, meet or medically equal any listed impairment; her subjective complaints were not entirely credible; and her residual functional capacity (RFC) precluded her past relevant work, but based on the testimony of a vocational expert (VE), there were other specified jobs in significant numbers she could perform. The Appeals Council denied review, and the district court affirmed. Having carefully reviewed the record, we find that substantial evidence supports the Commissioner's denial of benefits. See Van Vickle v. Astrue, 539 F.3d 825, 828 & n.2 (8th Cir. 2008) (standard of review).

Specifically, we find that the ALJ gave valid reasons for finding that Farstad's statements concerning the intensity, duration, and limiting effects of her symptoms were not entirely credible, including that her complaints were unsupported by and inconsistent with the medical evidence. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008) (ALJ may discount testimony which is inconsistent with record as whole; credibility findings are for ALJ in first instance, and when ALJ explicitly discredits claimant and gives good reasons for doing so, his judgment is entitled to deference); Forte v. Barnhart, 377 F.3d 892, 895 (8th Cir. 2004) (lack of objective medical evidence is one factor ALJ may consider). Further, contrary to Farstad's assertions, the ALJ did not summarily reject the RFC opinions of a treating psychiatrist and nurse practitioner, or reject the nurse practitioner's opinion solely because she was not an acceptable medical source; instead the ALJ explained why he found these opinions inconsistent with the medical evidence and with the record as a whole. See Owen v. Astrue, 551 F.3d 792, 798-99 (8th Cir. 2008) (treating physician's opinion as to nature and severity of claimant's condition is entitled to controlling weight if opinion is well-supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence, such as physician's own treatment notes); Finch, 547 F.3d at 936 (ALJ may reject conclusion of any medical expert, whether hired by claimant or government, if it is inconsistent with

record as whole). The ALJ's RFC findings are consistent with the medical records and observations of physicians and others, and with the ALJ's credibility determination. See Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (it is ALJ's role to determine RFC based on all relevant evidence). Finally, we disagree with Farstad that the ALJ should have included in his hypothetical to the VE the need for Farstad to take a two-hour daily nap. See Van Vickle, 539 F.3d at 828 (Commissioner's decision will not be reversed simply because some evidence may support opposite conclusion); Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005) (proper hypothetical sets forth impairments supported by substantial evidence and accepted as true by ALJ).

Accordingly, we affirm.

_____