# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2731

_____

Robin L. Smith,

*Plaintiff - Appellant,*

v.

Andrew Saul, Commissioner, Social Security Administration,

*Defendant - Appellee.*

_____

No. 19-2766

_____

Heather Millard,

*Plaintiff - Appellant,*

v.

Andrew Saul, Commissioner, Social Security Administration,

*Defendant - Appellee.*

_____

No. 19-3155

_____

Kevin E. Taylor,

*Plaintiff - Appellant,*

v.

Andrew Saul, Commissioner, Social Security Administration,

*Defendant - Appellee.*

_____

Appeals from United States District Courts
for the Southern District of Iowa and the District of Nebraska

_____

Submitted: October 20, 2020
Filed: February 8, 2021

_____

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

The appellants in these consolidated appeals sought disability benefits under the Social Security Act. After an administrative law judge denied their claims, and the Appeals Council denied review, each appellant filed an action in a district court under 42 U.S.C. § 405(g) for judicial review of the agency's decision.

In the district courts, the appellants argued for the first time that the administrative law judges who denied their claims were not properly appointed under the Appointments Clause of the Constitution. *See* U.S. Const. art. II, § 2, cl. 2. The district courts[1] rejected the constitutional claim on the ground that the appellants failed to raise the issue before the agency. The appellants acknowledge that they

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa (Nos. 19-2731 and 19-3155), and the Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska (No. 19-2766).

raised the issue for the first time on judicial review, but they argue on appeal that exhaustion of the issue before the agency is not required.

Appellants' unexhausted claims are foreclosed by *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), *cert. granted*, 2020 WL 6551772 (U.S. Nov. 9, 2020) (No. 20-105). There, we held that a social security claimant's challenge to the appointment of an ALJ did not present the "rare situation in which a federal court should consider an issue that was not presented to the agency." *Id*. at 795. In a post-briefing letter, appellants suggest that *Davis* did not resolve their argument that issue exhaustion would have been futile because the Commissioner had no power to alter the appointment process for ALJs. But *Davis* rejected a claim of futility, and explained that "if hundreds of claimants had raised an Appointments Clause challenge before the agency, the Commissioner would have been in a position to avoid an administrative quagmire." *Id*. at 794. Even if the Commissioner acting alone could not have resolved a potential problem, he was in a position to bring the matter to the attention of the President to accomplish a change in the appointment process if warranted. *See* Exec. Order No. 13,843, 3 C.F.R. 844 (2019).

The judgments of the district courts are affirmed.

_____