**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 25, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

DEBORAH FERN RAJO,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 21-1033
(D.C. Nos. 1:19-CV-03010-NRN)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Deborah Fern Rajo appeals from the district court's orders affirming the denial

of her application for disability insurance benefits (DIB) and denying her motion for

post-judgment relief under Fed. R. Civ. P. 59(e).  Exercising jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we vacate the district court's judgment and

remand for further proceedings consistent with this Order and Judgment.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

Ms. Rajo applied for DIB in May 2014, alleging disability since August 2011 due to bipolar disorder, depression, fibromyalgia, and neck and back pain. After the Social Security Administration (SSA) administratively denied her application, Ms. Rajo sought review before an administrative law judge (ALJ). The ALJ held an evidentiary hearing in May 2016 and, the following month, issued an unfavorable decision, concluding that Ms. Rajo was not disabled. In May 2017, the SSA's Appeals Council denied Ms. Rajo's request for review. She then sought review in district court, and in December 2018, a magistrate judge, proceeding with the parties' consent under 28 U.S.C. § 636(c)(1), reversed the ALJ's decision. The magistrate judge concluded that the ALJ failed to consider Ms. Rajo's non-severe mental impairments in determining her residual functional capacity (RFC). *See generally Wells v. Colvin*, 727 F.3d 1061, 1074 (10th Cir. 2013) (noting "[s]tep four of the sequential analysis" requires that the ALJ, among other things, "evaluate a claimant's physical and mental RFC" (brackets and internal quotation marks omitted)). The magistrate judge therefore remanded the matter for further proceedings.

Following a remand from the Appeals Council, the ALJ held another evidentiary hearing in June 2019. Two months later, he issued an unfavorable decision, again concluding that Ms. Rajo was not disabled. The ALJ determined that her fibromyalgia and degenerative disc disease of the lumbar and cervical spine were severe impairments but that her other conditions, including bipolar disorder, were nonsevere impairments. He next determined that Ms. Rajo did not qualify for

2

presumptive disability and that she had the RFC to perform a range of medium work, as defined in 20 C.F.R. § 404.1567(c), subject to specific limitations. The ALJ further concluded that she was unable to perform past relevant work but was able to perform other jobs existing in significant numbers in the national economy, including: (1) Packager; (2) Laborer, Stores; and (3) Laundry Worker II. Ms. Rajo did not submit written exceptions to the Appeals Council, and the Appeals Council did not sua sponte review the claim, thus rendering the ALJ's decision the final agency decision. *See* 20 C.F.R. § 404.984(c)-(d).

Ms. Rajo then sought review in district court, and in November 2020, the magistrate judge, again proceeding with the parties' consent, affirmed the ALJ's decision. The magistrate judge first rejected Ms. Rajo's argument that the ALJ's RFC determination was unsupported by substantial evidence because he failed to properly weigh the opinions of her treating chiropractor. The magistrate judge next rejected her claim, raised for the first time in district court, that under *Lucia v. SEC*, 138 S. Ct. 2044 (2018), her case was not adjudicated by a constitutionally appointed ALJ and should be remanded for a new hearing before a different ALJ. The magistrate judge concluded, relying on our decision in *Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020), that Ms. Rajo's Appointments Clause claim was waived because she did not raise, and thus exhaust, the claim in the administrative proceedings. Ms. Rajo sought post-judgment relief under Fed. R. Civ. P. 59(e), arguing that *Carr* was wrongly decided and, alternatively, that the court should stay execution of the judgment until the Supreme Court, which had granted the petition

3

for certiorari in *Carr*, ruled on the issue. The magistrate judge denied the motion, concluding that *Carr* was binding and that there was no need to stay the case because Ms. Rajo could appeal. This appeal followed.[1]

**DISCUSSION**

Ms. Rajo contends the district court erred by concluding that she waived her Appointments Clause claim by not raising it in the administrative proceedings. Although the district court properly applied our decision in *Carr*, the Supreme Court later reversed our decision. We therefore vacate the district court's judgment.[2]

In June 2018, after the ALJ's first unfavorable decision but before the district court reversed and remanded the matter back to the agency, the Supreme Court held in *Lucia*, 138 S. Ct. at 2049, that ALJs with the Securities and Exchange Commission (SEC) were subject to the Appointments Clause of the Constitution, U.S. Const. art. II, § 2, cl. 2. The Court noted that "[t]he Appointments Clause prescribes the exclusive means of appointing 'Officers'" and that "[o]nly the President, a court of law, or a head of department can do so." *Lucia*, 138 S. Ct. at 2051. The Court

---

[1] We granted the parties' joint motion to stay the appeal pending a ruling by the Supreme Court. In April 2021, the Supreme Court reversed our decision in *Carr* and held that an SSA claimant is not required to administratively exhaust an Appointments Clause claim. *Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021). Because the parties could not agree on the applicability of that ruling, we lifted the abatement.

[2] If, on remand, the district court agrees there was an Appointments Clause violation, the remedy is a new hearing before a different and properly appointed ALJ. *See Lucia*, 138 S. Ct. at 2055. We therefore decline to address Ms. Rajo's second argument in this appeal: whether the magistrate judge erred in concluding that the RFC determination was supported by substantial evidence and that the ALJ did not improperly weigh the opinions of her treating chiropractor.

concluded that SEC ALJs were "Officers of the United States" because they held a "continuing office established by law," exercised "significant discretion when carrying out . . . important functions," possessed "nearly all the tools of federal trial judges," and often had the last word in SEC proceedings. *Id.* at 2053-54 (internal quotation marks omitted). The Court further held that "[t]he appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official," because the judge who "heard [the] case and issued an initial decision on the merits," "even if he has by now received (or receives sometime in the future) a constitutional appointment," "cannot be expected to consider the matter as though he had not adjudicated it before." *Id.* at 2055 (internal quotation marks omitted).

In July 2018, the Acting SSA Commissioner responded to *Lucia* by appointing the SSA's ALJs. *See* SSR 19-1p, 84 Fed. Reg. 9582-02, 9583 (Mar. 15, 2019). The SSA also adopted a rule describing how it intended to "adjudicate cases pending at the Appeals Council in which the claimant has raised a timely challenge" under *Lucia*. *Id.* at 9582. However, the question soon arose whether an Appointments Clause claim needed to be raised in the administrative proceedings or whether the claim could be raised for the first time in district court.[3] Our court held that an

---

[3] In *Lucia*, the Court explained "that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." 138 S. Ct. at 2055 (internal quotation marks omitted). And the Court held that Lucia, who raised the issue before the agency, "made just such a timely challenge." *Id.*

Appointments Clause claim is waived if not raised in the agency proceedings, consistent with "the general principle that an issue must have been raised before an agency for a party to seek judicial review of agency action on that issue." *Carr*, 961 F.3d at 1268, 1276 (internal quotation marks omitted). The Eighth Circuit agreed. *Davis v. Saul*, 963 F.3d 790, 791 (8th Cir. 2020). But three circuits held that Appointments Clause claims did not need to be administratively exhausted. *See Probst v. Saul*, 980 F.3d 1015, 1018 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2633 (2021); *Ramsey v. Comm'r, SSA*, 973 F.3d 537, 539 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 537 (2020); *Cirko ex rel. Cirko v. Comm'r, SSA*, 948 F.3d 148, 152 (3d Cir. 2020). The Supreme Court resolved the circuit split in favor of the latter courts. *Carr v. Saul*, 141 S. Ct. 1352, 1356-57 (2021). The Court declined to "impose a judicially created issue-exhaustion requirement" on Appointments Clause claims, *id.* at 1358, and held that "claimants who raise those issues for the first time in federal court are not untimely in doing so," *id.* at 1362.

The sole basis for the district court's rejection of Ms. Rajo's Appointments Clause claim was that she waived the claim by not exhausting it in the administrative proceedings. But under the Supreme Court's decision in *Carr*, Ms. Rajo was permitted to raise the claim for the first time in federal court.

The Commissioner does not defend the district court's waiver determination. Instead, the Commissioner contends the district court's decision should be affirmed because Ms. Rajo's Appointments Clause claim lacks merit. Specifically, the Commissioner argues that the ALJ had been properly appointed prior to the 2019

6

administrative proceedings and that it "is of no moment" that the ALJ heard the case in 2016, before being properly appointed, because that ruling "was vacated" and "is simply not before this Court." Aplee. Br. at 29-30.[4]

"Although this court may affirm on any ground apparent in the record, affirming on legal grounds not considered by the trial court is disfavored." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1256 (10th Cir. 2011). This court has been especially reluctant to affirm on alternative grounds when, as here, "we are deprived of the benefit of vigorous adversarial testing of the issue, not to mention a reasoned district court decision on the subject." *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 763 n.17 (10th Cir. 2019) (internal quotation marks omitted). We therefore remand the matter to the district court for further consideration of Ms. Rajo's Appointments Clause claim.[5]

---

[4] The Commissioner states that the district court vacated the ALJ's 2016 decision. *See* Aplee. Br. at 29. The record indicates that the district court reversed and remanded the matter, Aplt. App. vol. 3 at 640-41, and the Appeals Council, on remand, vacated the ALJ's original decision, *id.* at 644.

[5] We observe that the district courts are divided over the merits of an Appointments Clause claim when an ALJ was appointed between an initial hearing and decision and a subsequent hearing on remand. The Commissioner notes that two courts found no violation under such circumstances. *See Camille B. v. Kijakazi*, No. 2:20cv262, 2021 WL 4205341, at *2-3 (E.D. Va. Sept. 15, 2021); *Govachini v. Comm'r, SSA*, No. 19-1433, 2020 WL 5653339, at *1 n.1 (W.D. Pa. Sept. 23, 2020); *see also Dennis L. v. Comm'r, SSA*, No. C20-5170-MLP, 2020 WL 6343321, at *5 (W.D. Wash. Oct. 29, 2020), *remanded sub nom. Leduc v. Kijakazi*, No. 20-36117, 2021 WL 5860759, at *1 (9th Cir. Oct. 14, 2021). Several courts have concluded otherwise, reasoning that, notwithstanding an ALJ's appointment after the claimant's original hearing, the ALJ's participation in subsequent proceedings "continued— rather than cured—the constitutional violation attendant to the first decision." *James R. v. Comm'r, SSA*, No. C20-5632-SKV, 2021 WL 4520560, at *7 (W.D. Wash. Oct.

## CONCLUSION

The district court's judgment is vacated and remanded for further proceedings consistent with this Order and Judgment.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

4, 2021); *accord Misty D. v. Kijakazi*, No. 3:18-CV-206, 2022 WL 195066, at *3 (N.D.N.Y. Jan. 21, 2022); *Cuminale v. Saul*, No. 20-61004-CIV, 2021 WL 6010499, at *3 (S.D. Fla. Oct. 15, 2021), *adopted*, 2021 WL 5409967 (S.D. Fla. Nov. 19, 2021); *Mary D. v. Kijakazi*, No. 3:20-CV-656 (RAR), 2021 WL 3910003, at *10-11 (D. Conn. Sept. 1, 2021); *Welch v. Comm'r, SSA*, No. 2:20-CV-1795, 2021 WL 1884062, at *3-5 (S.D. Ohio May 11, 2021), *adopted*, 2021 WL 2142805 (S.D. Ohio May 26, 2021).  We express no opinion on the merits of these decisions.